NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3136

TIMOTHY LEWIS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  August 11, 2006
_____

Before MAYER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Timothy Lewis appeals the final decision of the Merit Systems Protection Board, which upheld its initial decision affirming the Department of the Army's removal of Lewis from federal employment.  Lewis v. Dep't of the Army, DC0752050292-I-1 (MSPB Dec. 5, 2005).  We affirm.

We may only reverse a board's decision if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence.  See 5 U.S.C. § 7703(c).  "[A]n evaluation of witness credibility is within the

discretion of the Board [and is] 'virtually unreviewable' on appeal." <u>King v. Dep't of Health & Human Servs.</u>, 133 F.3d 1450, 1453 (Fed. Cir. 1998) (citation omitted).  Also, "[g]overnment officials are presumed to carry out their duties in good faith" and the petitioner has the burden of providing credible evidence to overcome that presumption. <u>Spezzaferro v. Fed. Aviation Admin.</u>, 807 F.2d 169, 173 (Fed. Cir. 1986).  We "will not disturb a choice of penalty within the agency's discretion unless the severity of the agency's action appears totally unwarranted in light of all the factors." <u>Mings v. Dep't of Justice</u>, 813 F.2d 384, 390 (Fed. Cir. 1987).

Crediting the testimonies of O'Neal, Bryant, and Cortes did not amount to an abuse of discretion by the board; there is no sound reason to disturb the board's credibility finding with respect to their testimony.  Additionally, the penalty the agency selected (i.e., removal) was not unwarranted.  Finally, the errors Lewis alleges occurred in the course of the investigation into his behavior are unsupported by the record, and the agency had no obligation to interview his other co-workers.